■ QUANTUM CORPORATE FUNDING, LTD., Appellant, v WESTWAY INDUSTRIES, INC., Defendant, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent. [755 NYS2d 434] —In an action, inter alia, to recover on a payment bond, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered December 21, 2001, as granted that branch of the cross motion of the defendant United States Fidelity and Guaranty Company which was for summary judgment dismissing the complaint insofar as asserted against it. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the respondent is denied, and the complaint is reinstated insofar as asserted against the respondent.

The plaintiff brought this action to collect on accounts receivable assigned to it by a subcontractor. These accounts were due from a general contractor for work and material supplied

in connection with several government projects. When the general contractor failed to make any payments, the plaintiff sought payment under the labor and material payment bonds. The defendant surety refused to pay, asserting that a subcontractor's assignee does not have standing to seek relief under labor and material payment bonds. According to the surety, State Finance Law § 137 allows recovery on a payment bond only by subcontractors, materialmen, and laborers. We disagree.

State Finance Law § 137 reads, in pertinent part: "Every person who has furnished labor or material, to the contractor or to a subcontractor * * * shall have the right to sue on such payment bond" (State Finance Law § 137 [3]). The statute was modeled primarily after the provisions of the Miller Act (*see* 40 USC § 270a *et seq.*) governing payment bonds for federal public works (*see Scaccia Concrete Corp. v Hartford Fire Ins. Co.,* 212 AD2d 225, 232 [1995]). The Supreme Court of the United States, in construing the similarly worded Miller Act, has held that assignees of the claims of persons furnishing labor or material come within the protection of the statutory bond (*see United States for Benefit of Sherman v Carter,* 353 US 210 [1957]). As such, contrary to the holding of the Appellate Division, First Department, in *Quantum Corporate Funding v Fidelity & Deposit Co. of Md.* (258 AD2d 376 [1999]), we conclude that an assignee has standing to sue a surety on a payment bond issued pursuant to State Finance Law § 137. Prudenti, P.J., Santucci, Goldstein and Cozier, JJ., concur.